Louis L. Gowans and Helen T. Gowans (Husband and Wife) v. Commissioner.
Gowans v. Commissioner
Docket No. 50427.
United States Tax Court
T.C. Memo 1957-233; 1957 Tax Ct. Memo LEXIS 17; 16 T.C.M. (CCH) 1078; T.C.M. (RIA) 57233; December 18, 1957
Frank D. Padgett, Esq., for the petitioners. Donald P. Chehock, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion LEMIRE, Judge: This proceeding is here upon remand from the United States Circuit Court of Appeals for the Ninth Circuit (246 Fed. (2d) 448), reversing the decision of this Court entered July 5, 1956 [15 TCM 672; T.C. Memo. 1956-133], and remanding the case for further proceedings consistent with its opinion filed June 17, 1957. In its Memorandum Findings of Fact and Opinion filed June 1, 1956, this Court, in sustaining the respondent's determination of deficiencies on the ground that the agreement of September 21, 1945, was a lease and not a sale of capital assets, did not *18 pass upon the issue of overpayment raised by petitioners. The Circuit Court of Appeals in reversing held that the agreement was a sale of a capital asset and the proceeds were subject to capital gains treatment, and remanded the case for further proceedings. The issue for determination is whether the petitioner erroneously returned the amounts received in the taxable years 1948, 1949, and 1950, upon the installment basis pursuant to section 44(b) of the Internal Revenue Code. Pursuant to an order of this Court dated October 18, 1957, the parties have filed additional memoranda limited to the present issue. Findings of Fact We incorporate herein by reference all the facts here material which were originally found in our Memorandum Findings of Fact and Opinion filed June 1, 1956. The sale of sand and gravel in place was consummated by the written agreement executed September 4, 1945. The petitioners received no down payment in the year of sale. Opinion Petitioners contend that as no payment was received in the year of sale in 1945, the whole amount to be received under the contract should have been reported in 1945, and that they erroneously reported *19 the amount received in the taxable years 1948, 1949, and 1950, upon the installment basis pursuant to section 44(b) of the Internal Revenue Code. Claims were filed seeking a refund of the taxes paid in the years 1948, 1949, and 1950, in the respective amounts of $1,656.92, $1,657.22, and $2,827.70. Petitioners rely upon the validity of Regulations 111, section 29.44-2, which in substance provides that income may not be returned on the installment basis when no payment in cash or property, other than evidences of indebtedness of the purchaser is received during the first year. The respondent argues that the sale was effected in 1946, in which year petitioners received a payment in property and the petitioners properly reported the amounts received in the taxable years as installment payments. In the alternative, it is contended if it is held that the gain was improperly reported on the installment basis, the prior years being barred by the statute of limitations, section 3801 is applicable. In its opinion the Circuit Court directs attention to its decisions in Gilbert v. Commissioner, 241 Fed. (2d) 491, reversing 25 T.C. 81, in which *20 case it held that section 44(b) of the 1939 Code was unambiguous and required no down payment, and that Regulations 111, section 29.44-2 was invalid. We think that under the opinion and mandate of the Circuit Court of Appeals we are required, for the purpose of determining the issue here in question, to follow its construction of section 44(b) as stated in the Gilbert case, supra. Therefore, we hold that petitioners properly reported their gain, realized pursuant to the contract of September 5, 1945, upon the installment basis under section 44(b) of the Code in the taxable years 1948, 1949, and 1950. So holding, we find it is unnecessary to pass on the alternative issue raised by the respondent. Decision will be entered of no deficiencies and no overpayment in income tax for the years 1948, 1949, and 1950.